UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GERALD PYGOTT,                                                                              6:11-CV-6265-TC

  Plaintiff,

v.                                                                          FINDINGS & RECOMMENDATION AND
                                                                                                            ORDER

METRO AREA COLLECTION SERVICE,
INC.,
  Defendant.

COFFIN, Magistrate Judge:

Represented plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (The Act). He also asserts claims under the Oregon Unfair Debt Collections Practices Act.

Presently before the court is defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. Both motions should be denied.

Defendant has also filed a motion for sanctions. As discussed in further detail below, this motion is denied.

Page 1 - FINDINGS AND RECOMMENDATION AND ORDER

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

Page 2 - FINDINGS AND RECOMMENDATION AND ORDER

## Factual Background

Defendant has provided a factual background, including, in part, the following:

Defendant Metro Area Collection Service was assigned plaintiff Pygott's account. It was based on a Cingular-A T & T Phone account in the sum of $619.51 for services activated June 6, 2005, and disconnected March 12, 2006.

On or about September 7, 2010, defendant reported plaintiff's account to credit reporting agencies. Defendant did not report the account as disputed when it made its report. It did so on May 23, 2011.

Metro filed a Small Claims Complaint against Pygott.

Pygott filed an answer pro se denying the claim and adding a counterclaim stating "plaintiff may have violated Oregon's Fair debt collection act" and demanded damages of $500.

P.p. 2-3 of Defendant's Memo (#15).

Pygott's counterclaim was discussed at the Small Claims hearing and Pygott added "we've also – I am also represented by counsel, and we are moving – we're in the process of filing in federal court on this as well." P. 13 of Exh. A to Document # 20 (20-1).

Metro's representative at the Small Claims hearing, the Small Claims Court Judge and Mr. Pygott had the following exchange just prior to the end of the hearing:

> Mr. McHenry: And then I had one other question regarding Mr. Pygott's counterclaim.
> Every assertion he made was in accordance with the fair – Federal laws, and in his counterclaims he claims a violation of State laws. I just want to make it clear that any ruling that is made by the Court, I would like it stated within the ruling that he was attempting to clarify that as a Federal violation, not a State violation.

Page 3 - FINDINGS AND RECOMMENDATION AND ORDER

> The Court: Mr. Pygott?
> Mr. Pygott: Under Oregon Revised Statutes – I believe its 647.3409, but according to that statute, it closely mirrors the Federal guidelines. In fact, they're one and the same. And I think I wrote it down. Double check real quick, if I may.
> The Court: Uh-huh.
> Mr. Pygott: ORS 646.639, sections l, m, and n all relate exactly the same way as the Federal guidelines do.[1]
> The Court: All right. Thank you both.
> Mr. McHenry: Thank you, your Honor.
> (Proceedings Adjourned at 11:35 a.m.)

P.p. 16-17 of Exh. A to Document # 20 (20-1).

A Small Claims Judgment was subsequently entered by Gale M. Reider, Circuit Court Judge Pro Tem. On the Judgment, a box was checked indicating judgment was given to Metro Area Collection Services Inc. Below that another box was checked indicating a "Judgment of Dismissal" of Pygott's counterclaim. Indented below that were several boxes. One of the boxes stated "Such judgment shall be: ". Further indented below that particular box were two boxes stating "with prejudice" or " without prejudice." All three boxes were left blank. Exh. E to Document #16 (16-5).

## Discussion

Defendant Metro's Motion for Summary Judgment

Metro contends that it is entitled to summary judgment on all of plaintiff's claims as they are precluded by issue preclusion and claim preclusion.

This is not the first time the attorneys in this action have faced each other. As in previous

---

[1] Pygott's attorney in this action notes that Pygott was wrong as the Oregon Act does not cover several actions prohibited in the Federal Act. P.p. 4-5 of #19. The alleged federal violations are expressly asserted in the complaint presently before this court.

Page 4 - FINDINGS AND RECOMMENDATION AND ORDER

actions, they engage in drastic, near mortal combat. They provide their own version of the facts and cite their own cases, but rarely do they directly address the other's version of facts or cases. And all of this is done randomly throughout several filings. Not surprisingly, these tactics make even simple issues very complex.[2] However, as discussed below, determination of Metro's preclusion arguments can be simplified and handled in a less piecemeal fashion.

There are several independent reasons why preclusion does not apply in the circumstances of this case.

First, it appears from the previously cited transcript of the Small Claims Court proceedings and related Judgment that the Judge did not address Pygott's countersuit or ever entertain or consider it. Pygott was confused and erred as to his statement of the law. Pygott then told the Judge he was in the process of filing in federal court with an attorney. Metro's representative specifically asked the Judge for a ruling on plaintiff's counterclaim "as a federal violation, not a state violation" as Pygott had originally alleged, and the Judge did not do so. Instead, the Judgment signed by the Small Claims Court Judge focused on Metro's claim and the damages for that claim. Pygott's countersuit was not essential for the determination of Metro's claim. It appears the Judgment only addressed Pygott's countersuit in a ministerial way to get it off the docket and to clear the way for the federal filing with an attorney that Pygott advised the Judge of in his hearing. Pygott's countersuit did not seem to be conclusively determined. It seemed to be just the opposite as the Judge did not mark the boxes stating that "such judgment shall be: with prejudice." As such, Metro should not be entitled

---

[2] For example, afer very carefully sorting through some of the arguments, it appears Pygott can save some of his claims from the issue preclusion assault (it is unclear the issues were essential to a final decision on the merits in the Small Claims action) and Pygott can save some of his claims from the claim preclusion assault (claims not based on the same factual transaction that was at issue in the Small Claims action).

Page 5 - FINDINGS AND RECOMMENDATION AND ORDER

to summary judgment on its preclusion arguments. See generally, Department of Transportation v. Winters, 170 Or. App. 118, 130 (2000); see generally, Wade v. Peters, 89 Or. 233, 238 (1918).

There is also some question as to whether Oregon recognizes a Small Claims Court Judgment as one that can have preclusive effect. Metro cites Wilkinson v. Crippen, 92 Or. App. 337 (1988) for the position that a Small Claims Court Judgment can have preclusive effect, but the Wilkinson Court never explicitly held this. Even if Oregon does recognize that a Small Claims Court Judgment can have a preclusive effect, the well established rule contained in Restatement (Second) of Judgments § 28(3) (1982) provides that even if all other elements of preclusion are met "a new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors related to the allocation of jurisdiction between them." Several states have adopted the Restatement, see footnote 2 to Plaintiff's Reply (#26), and it is certainly applicable in the circumstances of the case presently before the court.

Metro's motion for summary judgment based on preclusion is not persuasive and should be denied.

Plaintiff's Motion for Summary Judgment

Plaintiff seeks summary judgment on his 15 U.S.C. §1692e (8) claim, which is one of his several federal claims. Plaintiff claims that "no reasonable trier of fact could conclude that defendant has procedures reasonably adapted to avoid violation of 15 U.S.C. §1692e (8)." P. 5 of Memo( #22).

Defendant Metro's opposition to plaintiff's motion focuses on Metro's preclusion argument, but it also asserts that there were procedures in place to avoid the violation of §1692e (8).

Plaintiff's Reply only addressed the failed preclusion argument. As such, plaintiff has not adequately demonstrated that there is no genuine issue of material fact and that plaintiff is entitled

Page 6 - FINDINGS AND RECOMMENDATION AND ORDER

to judgment as a matter of law on the §1692e (8) claim.

Defendant Metro's Motion for Sanctions

Metro has also filed a motion for Rule 11 sanctions against Pygott's attorney, Joshua Trigsted. Metro's attorney, Jeffrey Hasson states that "Pygott's attorney should not have filed a frivolous Motion for Summary Judgment based on 15 U.S.C. §1692e (8) when he knew, or should have known that the claim under 15 U.S.C. §1692e (8) could not be allowed by reason of preclusion." P. 5 of Memo in Support for Sanctions (#29). As discussed above, there are several independent reasons why preclusion does not apply in the circumstances of this action. As such, the motion for sanctions fails.[3]

## Conclusion

Plaintiff's motion (#21) for partial summary judgment should be denied.

Defendant's motion (#14) for summary judgment should be denied.

Defendant's motion (#28) for sanctions is denied.

DATED this 2 day of May, 2012.

THOMAS M. COFFIN
United States Magistrate Judge

---

[3] Metro's attorney Hassson made an additional argument in his five page brief for sanctions. This argument consisted of one line: "[f]urther, no subjectively reasonable lawyer would argue that the facts in the light most favorable to Metro would not allow summary judgment to Pygott based on the bona fide error defense." P. 2 of Memo (#29). Such argument fails as it is conclusory and does not make sense.

Page 7 - FINDINGS AND RECOMMENDATION AND ORDER