IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD PYGOTT,

        Plaintiff,

vs.

METRO AREA COLLECTION SERVICE, INC.,

        Defendant.

Order
Case No. 6:11-CV-06265-TC

AIKEN, Chief Judge:

    Plaintiff filed suit alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Oregon Unfair Debt Collection Practices Act ("OUDCPA"), Or. Rev. Stat. § 646.639. Plaintiff seeks actual and statutory damages for the alleged violations. Defendant moves for summary judgment on plaintiff's claims and plaintiff filed a cross-motion for summary

PAGE 1 - ORDER

judgment. Defendant also moves for sanctions. On May 2, 2012, Magistrate Judge Coffin issued his Findings and Recommendation, in which he recommended the parties' motions be denied in their entirety. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Both parties filed timely objections to Magistrate Judge Coffin's Findings and Recommendation. I have, therefore, given those portions of the report a de novo review.

I agree with Magistrate Judge Coffin's analysis and conclusions except as to one issue. Plaintiff objects, in part, to Magistrate Judge Coffin's failure to recommend granting partial summary judgment on the issue of defendant's violation of 15 U.S.C. § 1692e(8) independent of defendant's affirmative defense. That issue was not apparent from plaintiff's briefing before Magistrate Judge Coffin, so I will address it now.

Section 1692e(8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or

which should be known to be false, including the failure to communicate that a disputed debt is disputed." This is a "strict liability statute" and, therefore, section "'1692e applies even when a false representation was unintentional.'" <u>Clark v. Capital Credit & Collection Servs., Inc.</u>, 460 F.3d 1162, 1175 (9th Cir. 2006) (quoting <u>Gearing v. Check Brokerage Corp.</u>, 233 F.3d 469, 472 (7th Cir. 2000)).

A defendant, however, "may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation . . . resulted from a bona fide error." 15 U.S.C § 1692k(c). The bona fide error defense requires that the defendant prove: "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." <u>McCollough v. Johnson, Rodenburg & Lauinger, LLC</u>, 637 F.3d 939, 948 (9th Cir. 2011).

Here, it is undisputed that on or about March 31, 2009, defendant received a letter from plaintiff stating, "I do not believe I owe you what you say I do," and "I have disputed this debt." McHenry Decl., Ex. A. It is also undisputed that defendant reported plaintiff's delinquent account to a credit reporting agency on or about September 7, 2010, without indicating the debt was disputed. McHenry Decl. ¶ 8. Finally, it is undisputed that defendant communicated that the debt was disputed to credit

reporting agencies on May 23, 2011. Id. at ¶ 10.

As such, defendant falsely reported the debt as undisputed on or about September 7, 2010, and then waited until May 23, 2011, to correct its error. This constitutes a violation of 15 U.S.C. § 1692e(8). Furthermore, defendant relies entirely upon its claim preclusion argument and does not dispute the prima facie case presented by plaintiff. In other words, defendant has failed to identify facts which show a genuine issue for trial as to this issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).

Therefore, I ADOPT the Magistrate's Findings and Recommendation (doc. 38) in part. Defendant's motion for summary judgment (doc. 14) is DENIED, and defendant's motion for sanctions (doc. 28) is DENIED. Plaintiff's motion for partial summary judgment (doc. 21) is GRANTED in part and DENIED in part as follows: plaintiff's motion is GRANTED as to plaintiff's prima facie claim for defendant's violation of 15 U.S.C. § 1692e(8) and is otherwise DENIED. Finally, defendant's request for oral argument is DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 26 day of June 2012.

                    _/s/ Ann Aiken_
                    Ann Aiken
                    United States District Judge